RECEIVED
MAR 0 6 2000
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED
MAR - 6 2000
ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>NORWEST FINANCIAL LOUISIANA, INC.,<br><br>Defendant. | CV00- 0455 M<br>CIVIL ACTION NUMBER:<br><br>JUDGE JAMES<br>COMPLAINT<br>MAGISTRATE JUDGE KIRK<br>JURY TRIAL DEMAND |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race and sex and to provide appropriate relief to Kristy Holland-Mason (hereinafter referred to as "Holland-Mason"), who was adversely affected by such practices. The Plaintiff, Equal Employment Opportunity Commission, (hereinafter referred to as "EEOC" or "Commission") alleges that Defendant, Norwest Financial Louisiana Inc., ("Norwest" or "Defendant") denied Holland-Mason several promotions because of her race, African-American and sex, and forced Holland-Mason to resign due to the stress created by the denial of the promotions. The specifics are alleged with greater particularity in paragraph 8 below.



## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et. seq. ("Title VII").

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Louisiana.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) of Title VII, 42 U.S.C. Section 2000e-5(f)(1).

4. At all relevant times, Defendant, Norwest Financial Louisiana, Inc., has continuously been a domestic corporation doing business in the State of Louisiana and has continuously had at least fifteen employees.

5. At all relevant times, Defendant, Norwest Financial Louisiana, Inc., has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e-(b), (g) and (h).

6. At all relevant times, Defendant, Norwest Financial Louisiana, Inc., employed at least 15 individuals within the jurisdiction of this Court; and all material facts occurred within the Jurisdiction of this Court.

## STATEMENT OF CLAIMS

7.  More than thirty days prior to the institution of this lawsuit, Kristy Holland-Mason filed a charge with the Commission alleging violations of Title VII of the Civil Rights Act of 1964, as amended. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.  Since at least on or about July 1997, Defendant has engaged in unlawful employment practices in Monroe, Louisiana, in violation of Section 703(a)(1) and (2) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. Sections 2000e-2(a)(1) and (2). The unlawful practices consist of denying Holland-Mason a position as a Branch Manager on at least two separate occasions and hiring a less qualified White male for both positions, even where Holland-Mason was highly recommended for the Branch Manager position by another Branch Manager. Ms. Holland-Mason complained about the discrimination in the workplace, which deprived her of equal employment opportunities and otherwise adversely affected her status as an employee because of her race, African-American and sex. In response, Ms. Holland-Mason was offered an intermediate position which paid a little more money but was not offered any Branch Manager positions, the promotion she desired and was qualified to perform. From the evidence, it appears as though both of the White males who were promoted to Branch Manager were promoted from the same position, Assistant Manager, that Ms. Holland-Mason possessed. Ms. Holland-Mason did not believe she could ever be promoted to a Branch Manager's position. As a result, Ms. Holland-Mason felt forced to resign due to the enormous stress (which created an intolerable working condition) Defendant placed her under when it failed to promote her to any Branch Manager's position because of her race, African-American, and sex.

9. The effect of the practices complained of in paragraph 8 above has been to deprive Holland-Mason of equal employment opportunities and otherwise adversely affect her status as an employee because of her race, African-American, and sex.

10. The unlawful employment practices complained of in paragraph 8 above were intentional.

11. The unlawful employment practices complained of in paragraph 8 above were done with malice or reckless indifference to the federally protected rights of Kirsty Holland-Mason.

12. The unlawful employment practices complained of in paragraph 8 above caused Holland-Mason to lose wages and incur expenses to search for another job, loss of self-esteem, emotional trauma, and loss of other expenses to be proved at trial.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of race, African-American, and sex.

B. Order Defendant, its officers, successors, assigns, to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant, its officers, successors, assigns to make whole Kirsty Holland-Mason by awarding appropriate backpay with prejudgement interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to rightful place reinstatement of Holland-Mason to a Branch Manager position,

front pay, should rightful place reinstatement be unavailable, job search expenses and other expenses, in amounts to be determined at trial.

D. Order Defendant, its officers, successors, assigns, to make whole Holland-Mason by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, lowered self esteem and humiliation, in amounts to be determined at trial.

E. Order Defendant, its officers, successors, assigns to pay Holland-Mason punitive damages for its malicious and reckless conduct, as described in paragraph 8 above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its cost of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

C. GREGORY STEWART
General Counsel

_____
KEITH T. HILL
Regional Attorney
No Bar Roll No. Assigned

*Michelle J. Butler*
MICHELLE BUTLER
Supervisory Trial Attorney
La. Bar Roll No. 1286


*Yancy A. Carter*
YANCY A. CARTER
Trial Attorney
La. Bar Roll Number 24335

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New Orleans District Office
701 Loyola Avenue, Suite 600
New Orleans, Louisiana 70113
Telephone:(504) 589-6817
          (504) 589-2011
Facsimile:(504) 589-6033


Defendant's Agent for Service of Process:

Michael K. Wolverton
106 Park Plaza, Suite 305
Covington, La. 70433